Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
OSCAR FLORES SOLORZANO, individually and on behalf of
all others similarly situated,

                              Plaintiff,

    -against-

GDV CORP., d/b/a CENTRE PIZZERIA, JOSEPH LAROCCA
and MICHAEL LAROCCA, as individuals,

                             Defendants.
------------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, **OSCAR FLORES SOLORZANO**, individually and on behalf of all others similarly situated, (hereinafter referred to as "Plaintiff"), by his attorneys at Helen F. Dalton & Associates, P.C., alleges upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff, through undersigned counsel, brings this action against **GDV CORP., d/b/a CENTRE PIZZERIA, JOSEPH LAROCCA and MICHAEL LAROCCA, as individuals** (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment at **GDV CORP., d/b/a CENTRE PIZZERIA**, located at 254-25 Horace Harding Expy, Little Neck, NY 11362.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

### *The Plaintiff*

7. Plaintiff OSCAR FLORES SOLORZANO residing in Great Neck, NY was employed by Defendants at GDV CORP., d/b/a CENTRE PIZZERIA, located at 254-25 Horace Harding Expy, Little Neck, NY 11362, from in or around March 2007 until in or around August 2025.

### *The Defendants*
### *Corporate Defendant*
### GDV CORP. d/b/a CENTRE PIZZERIA

8. Defendant, GDV CORP., d/b/a CENTRE PIZZERIA, is a New York domestic business corporation organized under the laws of New York with a principal executive office at 254-25 Horace Harding Expy, Little Neck, NY 11362 and service of process address at 13-28 138th Street, College Point, NY 11356.

9. At all relevant times hereto, Defendant GDV CORP. d/b/a CENTRE PIZZERIA, through its agents, officers, managers and supervisors, maintains direct control, oversight, and direct supervision over their employees, including the Plaintiff in the performance of his duties, which among others include scheduling of work and payment of wages.

10. Accordingly, at all relevant times hereto, Defendant GDV CORP. d/b/a CENTRE PIZZERIA was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

11. At all times relevant to the allegations contained in the complaint, Corporate Defendant was, and is, an enterprise engaged in interstate commerce within the meaning of the FLSA in that GDV CORP., d/b/a CENTRE PIZZERIA, (i) has purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00.

### *Individual Defendants*
### **JOSEPH LAROCCA and MICHAEL LAROCCA**

12. At all relevant times hereto, Defendants JOSEPH LAROCCA and MICHAEL LAROCCA own and operate GDV CORP. d/b/a CENTRE PIZZERIA.

13. Upon information and belief, Defendants JOSEPH LAROCCA and MICHAEL LAROCCA are agents of GDV CORP. d/b/a CENTRE PIZZERIA.

14. At all relevant times hereto, Defendants JOSEPH LAROCCA and MICHAEL LAROCCA are responsible for overseeing the daily operations of GDV CORP. d/b/a CENTRE PIZZERIA.

15. At all relevant times hereto, Defendants JOSEPH LAROCCA and MICHAEL LAROCCA have power and authority over all the final personnel decisions at GDV CORP. d/b/a CENTRE PIZZERIA.

16. At all relevant times hereto, Defendants JOSEPH LAROCCA and MICHAEL LAROCCA have power and authority over all final payroll decisions of GDV CORP. d/b/a CENTRE PIZZERIA, including the Plaintiff.

17. At all relevant times hereto, Defendants JOSEPH LAROCCA and MICHAEL LAROCCA have the exclusive final power to hire the employees of GDV CORP. d/b/a CENTRE PIZZERIA, including the Plaintiff.

18. At all relevant times hereto, Defendants JOSEPH LAROCCA and MICHAEL LAROCCA have exclusive final power over the firing and terminating of the employees of GDV CORP. d/b/a CENTRE PIZZERIA, including Plaintiff.

19. At all relevant times hereto, Defendants JOSEPH LAROCCA and MICHAEL LAROCCA are responsible for determining, establishing, and paying the wages of all employees of GDV CORP. d/b/a CENTRE PIZZERIA, including the Plaintiff, setting their work schedules, and maintaining all their employment records of the business.

20. Accordingly, at all relevant times hereto, Defendants JOSEPH LAROCCA and MICHAEL LAROCCA were Plaintiff's employers within the meaning and the intent of the FLSA, and the NYLL.

## RELEVANT STATUTORY PERIOD

21. Under the FLSA and NYLL, Plaintiff's federal and state law claims are subject to statute of limitations periods of 3 and 6 years from the date of the filing of the Complaint, respectively. As this Complaint is filed in October 2025, the relevant statutory period for Plaintiff' claims asserted herein encompasses the entirety of the period spanning October 2019 through present ("relevant statutory period.").

## FACTUAL ALLEGATIONS

22. Plaintiff OSCAR FLORES SOLORZANO was employed by Defendants at GDV CORP. d/b/a CENTRE PIZZERIA, as a cook and food preparer while performing related miscellaneous duties for the Defendants, from in or around March 2007 until in or around August 2025.

23. During the relevant statutory period, Plaintiff regularly worked five (5) to six (6) days per week.

24. During this period, Plaintiff regularly worked shifts of approximately twelve (12) hours per day, four (4) days per week, and approximately eleven (11) hours per day, one (1) to two (2) days per week, from in or around October 2019 until in or around August 2025.

25. Thus, Plaintiff was regularly required to work approximately fifty-nine (59) to seventy (70) hours per week from in or around October 2019 until in or around August 2025.

26. During the relevant statutory period, Plaintiff was paid by Defendants flat weekly rates in the amount of:
    i. Approximately $850.00 per week from in or around October 2019 until in or around December 2019;
    ii. Approximately $880.00 per week from in or around January 2020 until in or around or around December 2020;
    iii. Approximately $980.00 per week from in or around January 2021 until in or around or around December 2024; and
    iv. Approximately $1,010.00 per week from in or around January 2025 until in or around August 2025.

27. Although Defendants provided Plaintiff with paystubs indicating amounts paid via check, Plaintiff was not able to cash or deposit any such checks and Plaintiff was instead paid in cash.

28. Although Plaintiff OSCAR FLORES SOLORZANO worked approximately fifty-nine (59) to seventy (70) hours per week from in or around October 2019 until in or around August 2025, Defendants failed to pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

29. Furthermore, Plaintiff OSCAR FLORES SOLORZANO worked in excess of ten (10) or more hours per day approximately five (5) to six (6) days per week during the relevant statutory period, however, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

30. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

31. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice of his applicable regular rate of pay, regular pay day, and all such information as required by NYLL §195(1).

32. Moreover, Defendants were aware that they were not properly compensating Plaintiff and therefore willfully chose to continue to violate the NYLL by not paying Plaintiff proper overtime wages and spread of hours.

33. As a direct result of Defendants' violations and failure to provide proper wage notices, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have been receiving for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

34. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

35. Plaintiff brings this action on behalf of himself, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

36. Collective Class: All persons who are or have been employed by the Defendants as a cooks and food preparers or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.

37. Upon information and belief, Defendants employed approximately 25 or more employees within the relevant time period who were subjected to similar payment structures.

38. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

39. Defendants' unlawful conduct has been widespread, repeated, and consistent.

40. Upon information and belief, Defendants had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay.

41. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

42. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

43. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

44. The claims of Plaintiff are typical of the claims of the putative class.

45. Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.

46. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

47. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

48. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

49. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

50. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

51. Defendants willfully failed to pay Plaintiff's overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

52. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.

53. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

54. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

55. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

56. Defendants failed to pay Plaintiff's overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

57. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Spread of Hours Compensation Under New York Labor

58. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

59. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4.

60. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants their unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

## FOURTH CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

61. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

62. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

63. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION
### Violation of the Wage Statement Requirements of the New York Labor Law

64. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

65. Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3)

66. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

**PRAYER FOR RELIEF**

**Wherefore**, Plaintiff respectfully requests that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;
b. Awarding Plaintiff's unpaid overtime wages;
c. Awarding Plaintiff's unpaid spread of hours compensation;
d. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
e. Awarding Plaintiff prejudgment and post-judgment interest;
f. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and
g. Awarding such and further relief as this court deems necessary and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: October 10, 2025
　　　　Kew Gardens, NY

*Roman Avshalumov*
Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

OSCAR FLORES SOLORZANO, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

GDV CORP. d/b/a CENTRE PIZZERIA, JOSEPH LAROCCA and MICHAEL LAROCCA, as individuals,

Defendants.

**COLLECTIVE ACTION COMPLAINT**

HELEN F. DALTON & ASSOCIATES, P.C.
*Attorneys for Plaintiff*
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Phone (718) 263-9591
Fax (718) 263-9598

To:

*Service via Secretary of State:*
**GDV CORP., d/b/a CENTRE PIZZERIA (DOS ID: 2620932)**
13-28 138th Street, College Point, NY 11356

*Via personal service:*
**GDV CORP., d/b/a CENTRE PIZZERIA**
254-25 Horace Harding Expy, Little Neck, NY 11362

**JOSEPH LAROCCA**
254-25 Horace Harding Expy, Little Neck, NY 11362

**MICHAEL LAROCCA**
254-25 Horace Harding Expy, Little Neck, NY 11362